No. 354
SORINGER v. BULEN et al
Ohio Appeals, 2nd Dist.; Franklin County
No. 1101. Decided Nov. 19, 1923

1012. REFORMATION OF INSTRUMENT
—In equity, a contract will be reformed to express true intent of the parties where it is evident that the parties did not include certain real estate in agreement.

ALLREAD, J.                    Epitomized Opinion
        Published Only in Ohio Law Abstract

This was an action in partition. The controversy involved one-fourth interest originally owned by one Fleetwood Courtright. In the settlement of the estate of Courtright, certain litigation arose between the widow of the decedent and various heirs. Finally a written contract was entered into between Elizabeth Courtright and the heirs, and the estate was settled up for a certain sum. The contract was general in form and purport to cover all of Elizabeth Courtright's interest in the real and personal property of the deceased. Nothing was said in regard to a certain remainder estate. The principal question involved in the case was whether or not this remainder estate should be included under the terms of the agreement. Decreeing in favor of the plaintiff, Elizabeth Courtright, the Court of Appeals held:

1. As the evidence showed that the parties did not intend to include this remainder estate in their settlement, consequently the written contract did not in equity express the true intention of the parties.

Attorneys—Griffith & Griffith, and Wilson & Hoctor, for Soringer; Sinks & Williams, T. H. Hennessey, Columbus, and Mariott, Freshwater, Wickham & Marriott, Delaware, for Bulen et al.

---

No. 355
BUKONTZ v. MOSKOWITZ
Ohio Appeals, 8th Dist., Cuyahoga County
No. 511. Decided Feb. 20, 1924
Chittenden, Kinkade and Richards, JJ., sitting

1037. RESTRAINT OF TRADE—Contract not to engage in the laundry business in Cleveland for five years is enforcible—Plaintiffs as stockholders of corporation formed to conduct business not incapacitated to maintain injunction.

RICHARDS, J.                    Epitomized Opinion
        Published Only in Ohio Law Abstract

Bukontz sued Moskowitz in Cuyahoma Common Pleas to enjoin him from carrying on the laundry business in the city of Cleveland. Moskowitz sold his interest in a laundry business to Bukontz and Turk, under a contract in which he agreed not to conduct a laundry business in Cleveland for five years. Shortly thereafter Moskowitz and another opened a laundry within 20 blocks of the other laundry. It was contended that the contract was void as being in restraint of trade and against public policy, and as unreasonable both as to time and locality. The evidence also disclosed at the time this action was instituted Bukontz was incorporating his business. In affirming the judgment granting the injunction, the Court of Appeals held:

1. "It is urged that the contract is unreasonable on the ground that the entire city of Cleveland is prohibited as a place of business for Moskowitz during a period of five years. Such an objection would be a very serious one in some lines of business, but the evidence in this case discloses that the business of the plaintics is conducted by sending conveyances over the city for the purpose of gathering up laundry and for delivering packages of laundry, covering in a general way much of the city. In view of this, it cannot be said the provisions are unreasonable."

2. "Even if plaintiffs had incorporated, but retained a substantial interest as stockholders in the corporation, they would not be precluded thereby from maintaining the action."

Attorneys—Thorman & Goldman, for Bukontz; Scott & Bissell, for Moskowitz, all of Cleveland.